In the Matter of the Application of NICK ANOW, Petitioner, for an Order against JUDGES OF THE COURT OF GENERAL SESSIONS, COUNTY OF NEW YORK, Defendants.

Supreme Court, Special Term, New York County, March 10, 1939.

*Edwin L. LaCrosse,* for the petitioner.

*Thomas E. Dewey, District Attorney* [*Karl Grebow, Deputy Assistant District Attorney,* of counsel], for the defendants.

SHIENTAG, J.    The petitioner was convicted on March 18, 1931, of the crime of robbery in the first degree and was sentenced to State's prison for a term of fifteen to twenty years.

On October 31, 1932, an information was filed by the district attorney of New York county charging the petitioner with being a second offender, and on November 17, 1932, he was so adjudged. The original sentence of March 18, 1931, was revoked and the petitioner was thereupon resentenced to a term of thirteen years and four months, which, in effect, gave him credit for the twenty months previously served.

An order is now sought to have the petitioner recalled to the Court of General Sessions of the County of New York and that the judges of that court be directed to sentence the petitioner to a definite term of fifteen years, such sentence to commence as of March 18, 1931.    The purpose of the application is to enable the

petitioner to be credited with time by the Parole Board of the State of New York for compensation and commutation during the twenty months served prior to the resentence, which ordinarily he would be entitled to.

The resentence of thirteen years and four months was proper and legal and made pursuant to the provisions of section 1943 of the Penal Law. It appears that upon such resentence the court could have imposed a sentence of fifteen years as of the date of the original sentence instead of following the mandate of section 1943 of the Penal Law. (*People* v. *Dafoe*, 254 App. Div. 624.) The sentencing judge saw fit not to do this, and in the exercise of his discretion properly and legally resentenced the petitioner pursuant to law and in the manner indicated. Such exercise of discretion may not be reviewed by this court. (Civ. Prac. Act, §§ 1284, 1285.)

The matter becomes one for the consideration of the Parole Board or the Governor, as the case may be, at the proper time.

The application is denied.